UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAT'S MARINE ENGINES, INC.,

Plaintiff,

v.

STREAM LINE, INC. and JAMES A. THOMPSON, *in personam* and M/V ARGUEMENT WON, *in rem*,

Defendants,

and

PETER McDOUGAL and JANE DOE McDOUGAL, *in personam*, and SEVEREID & ASSOCIATES, *in personam*,

Third-Party Defendants.

CASE NO. C05-1390C

ORDER

This matter has come before the Court on Plaintiff's motion for summary judgment on its *in rem* claim against the M/V ARGUEMENT WON. (Dkt. No. 26.) Having considered the papers filed by the parties in support of and in opposition to the motion and the remainder of the record, the Court hereby GRANTS the motion.

Plaintiff brought its *in rem* claim against the M/V ARGUEMENT WON (the "Vessel") pursuant

ORDER – 1

to 46 U.S.C. § 31342, which provides that

> [A] person providing necessaries to a vessel on the order of the owner or a person authorized by the owner — (1) has a maritime lien on the vessel; (2) may bring a civil action in rem to enforce the lien; and (3) is not required to allege or prove in the action that credit was given to the vessel.

46 U.S.C. § 31342. A maritime lien "confers upon its holder . . . [the] right . . . to subject it to condemnation and sale to satisfy his claim." *Ventura Packers Inc. v. F/V Jeanine Kathleen*, 424 F.3d 852, 858 (9th Cir. 2005) (citing *The Rock Island Bridge*, 73 U.S. 213, 215 (1867)).

Here, Defendants did not dispute that (1) Plaintiff provided necessities to the Vessel in the form of repairs and moorage; *see also* 46 U.S.C. § 31301(4) (defining "necessary" as including repairs) *and Sw. Marine, Inc. v. Danzig*, 217 F.3d 1128, 1135 (9th Cir. 2000) (determining that moorage constitutes a necessary); (2) Plaintiff was authorized to do so; and (3) the value of the services provided to the vessel was $22,132.50. (*See* Def. Thompson's Aff. (disputing only Def. Thompson's personal liability).) Defendants also do not dispute that the full amount owing to Plaintiff was never paid.

Accordingly, the Court finds that Plaintiff holds a maritime lien in the Vessel and that Plaintiff has the right to foreclose on the lien. For these reasons, Plaintiff's motion for summary judgment is GRANTED.

Plaintiff is directed to submit a proposed form of judgment to the Court within ten (10) days of entry of this order.

SO ORDERED this 7th day of April, 2006.

/s/ John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 2